UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK

      Plaintiff,　　　　　　　　　　　Case No. 21-10528

v.　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

BRIAN MENGE,

      Defendant.
_____/

**OPINION & ORDER**
**(1) DENYING DEFENDANT'S MOTION FOR SANCTIONS (Dkt. 13), (2) DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. 15), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 17)**

This matter is before the Court on Defendant Brian Menge's motion for sanctions (Dkt. 13), Plaintiff City of Highland Park's motion to remand (Dkt. 15), and Menge's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 17). For the reasons stated below, the Court denies the motion for sanctions, denies the motion to remand, grants the motion to dismiss, and dismisses this action without prejudice.[1]

**I. BACKGROUND**

The City employs Menge within its police department. Am. Compl. (Dkt. 7). This declaratory-judgment action—and other related actions—stem from Menge's transfer from the detective bureau of the police department to the patrol division. Id. ¶ 20, 22. In January 2021, Menge filed suit against the City, alleging in part that he was demoted and/or transferred from the detective

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes the City's response to the motion for sanctions (Dkt. 16); Menge's response to the motion to remand (Dkt. 20) and the City's reply (Dkt. 23); and the City's response to the motion to dismiss (Dkt. 18) and Menge's reply (Dkt. 24).

bureau to the patrol division without cause and without proper notice and a hearing, in violation of his Fourteenth Amendment procedural and substantive due process rights as well as his rights under Michigan's Veteran Preference Act (VPA), Mich. Comp. L. § 35.402 (No. 21-10152, Dkt. 15). Menge's suit against the City, case number 21-10152, is pending in this Court. In addition, Menge's union filed before the Michigan Employment Relations Commission an unfair labor complaint related to his move from the detective bureau to the patrol division. Am. Compl. ¶ 52; Mot. to Remand at 3–4; Resp. to Mot. to Remand at 3.

In March 2021, the City filed the present declaratory judgment action in Michigan's Wayne County Circuit Court. State-Ct. Compl. (Dkt. 1-1). Menge removed the action to this Court. Notice of Removal (Dkt. 1). The City alleges that Menge is attempting to litigate the same procedural due process claim in multiple forums. Am. Compl. ¶¶ 47–48. In its amended complaint filed post-removal, the City seeks declaratory relief to determine whether: (i) the City violated Menge's rights under the VPA; (ii) Menge has a right under the statute to his position as a detective within the City police department; (iii) the City violated the statute; (iv) Menge is entitled to a remedy under the statute; and (v) state court is the proper forum to adjudicate a claim asserting a violation of the statute. Am. Compl. ¶ 54.[2]

In August 2021, Menge filed another suit against the City in this Court, case number 21-11963, alleging that the City violated his First Amendment rights and his Fourteenth Amendment

---

[2] Count II in the City's amended complaint is labeled "injunctive relief." Am. Compl. at 8. But the City does not state what they seek to enjoin Menge from doing because the complaint contains an unfinished sentence. It states that the City requests the Court to "enjoin Defendant, directly and indirectly, whether alone or in concert with others, including any officer, agent, and/or representative of his, from doing any of the following:," and then states nothing else. Id. The City's briefing for the motions before the Court refers only to declaratory relief. Therefore, the Court addresses only the City's request for a declaratory judgment.

procedural and substantive due process rights by retaliating against him for filing case number 21-10152. (No. 21-11963, Dkt. 1-1).

Three motions filed in the declaratory judgment action are now before the Court. The first is Menge's motion for sanctions. The second is the City's motion to remand. The third is Menge's motion to dismiss. The Court discusses each motion in turn.

## II. ANALYSIS

### A. Motion for Sanctions

In the motion for sanctions, Menge contends that an allegation in the City's amended complaint lacks evidentiary and factual support, and, therefore, sanctions are warranted under Federal Rule of Civil Procedure 11. Mot. for Sanctions at 5–7. Specifically, the amended complaint alleges that "Plaintiff filed a motion to dismiss the removal." Am. Compl. ¶ 42. The City later filed a motion to remand, but at the time that it filed the amended complaint, it had not filed a motion to dismiss the removal. Menge states that, over the course of approximately one week, he emailed the City's counsel three times requesting that counsel stipulate to striking this paragraph and that counsel refused to do so. Mot. for Sanctions at 4–5. He argues that, even if counsel inadvertently or mistakenly included the false allegation in the pleading, counsel behaved unreasonably when he refused to correct the pleading. Id. at 7. Menge requests that the Court enter an order striking paragraph 42 from the amended complaint and directing the City to pay the costs and attorney fees incurred in connection with the motion for sanctions. Id.

Rule 11 states the following:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

3

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3). For purposes of assessing whether sanctions should be awarded, counsel's conduct is measured by an objective standard of reasonableness under the circumstances. INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 401 (6th Cir. 1987).

A motion filed pursuant to Rule 11 must be served on opposing counsel at least 21 days before it is filed with the court. Fed. R. Civ. P. 11 (c)(2). "[I]f the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service," the motion must not be filed. Id. This requirement is often referred to as the "safe harbor" provision, and it provides that the target of the motion has the opportunity to revise or withdraw otherwise sanctionable filings. Fed. R. Civ. P. 11 advisory committee notes to 1993 Amendments. The rule and the advisory committee notes indicate that the motion itself must be served. Less formal notice does not satisfy the safe harbor requirement, although the advisory committee notes the expectation that informal notice will generally precede service of the motion. Id. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Menge provides no indication that he served the Rule 11 motion on plaintiff's counsel at least 21 days before filing the motion with the Court. Rule 11 sanctions are unavailable when the moving party fails to comply with the safe harbor filing requirements. Ridder v. City of

4

Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (holding that, in "adher[ence] to the rule's explicit language and overall structure," "sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court").

Even if Menge had complied with these requirements, sanctions are not warranted under Rule 11. The advisory committee notes emphasize that Rule 11 motions should not be prepared for minor or insignificant violations of the rule. Fed. R. Civ. P. 11 advisory committee notes to 1993 Amendments. They also state that, in deciding whether to impose sanctions, a court may consider factors such as whether the improper conduct "was part of a pattern of activity, or an isolated event" and whether it "infected the entire pleading, or only one particular count or defense." Id. The improper conduct here involved one allegation in the amended complaint that did not infect the entire pleading. The City's counsel alleged that the City filed a motion to remand, rather than alleging that the City intended to file a motion to remand. And the City did subsequently file a motion to remand. Even Menge does not argue that the allegation at issue was somehow material or significant. The Court finds that this conduct is not so objectively unreasonable under the circumstances as to warrant sanctions under Rule 11.

Therefore, the Court denies Menge's motion for sanctions.

**B. Motion to Remand**

The City argues that this action should be remanded to Michigan's Wayne County Circuit Court because the Court lacks jurisdiction to decide the matter. Mot. to Remand at 6–8. It states that, while Menge removed the action based on federal-question jurisdiction, there is no federal claim in either the state-court complaint or the amended complaint, and the action involves only a

single claim based on state law: whether Menge's procedural rights were violated under the VPA. Id. at 1, 6–8.

An action that could have originally been brought in federal court may be removed from state court to federal court. 28 U.S.C. § 1441(a). "Absent diversity of citizenship, federal-question jurisdiction is required" for original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27–28 (1983). Menge, as the removing party, has the burden of demonstrating the existence of federal question jurisdiction. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

A declaratory judgment action does not provide an independent basis for jurisdiction but rather provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists. Heydon v. MediaOne of Southeast Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). In the declaratory-judgment context, federal jurisdiction exists if it would exist in a coercive action by the defendant. Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 554 (6th Cir. 2012) ("[I]f a federal question would appear in the complaint in this hypothetical [coercive] suit, federal jurisdiction exists over the declaratory-judgment action."); see also Franchise Tax Bd., 463 U.S. at 19 ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

6

Here, the defendant has already brought a coercive action arising under federal law. Before the City filed this declaratory judgment action, Menge sued the City, alleging in part that, by transferring him from the detective bureau to the patrol division, the City violated his Fourteenth Amendment procedural and substantive due process rights, in addition to his rights under the VPA. (No. 21-10152, Dkt. 15). The procedural due process claim, presented on the face of Menge's properly pleaded complaint, establishes that the coercive action arises under the federal constitution. Given Menge's prior assertion of his procedural due process rights in the coercive action that he filed, there is federal question jurisdiction for the declaratory relief claim that the City asserts in this action.

In contending that this lawsuit involves only a single state-law claim, the City inaccurately narrows the scope of the lawsuit. The complaint filed in state court and the amended complaint filed in this Court indicate that, through this lawsuit, the City is attempting to settle the controversy that exists between it and Menge in connection with Menge's VPA and procedural due process claims under the federal constitution. In the state-court complaint, the City alleged that Menge has asserted that the City violated his procedural and substantive due process rights under the federal constitution and his statutory rights to due process under the VPA. State-Ct. Compl. ¶ 27.[3] It also alleged that Menge maintained that his property interest in his continued employment as a detective was abridged in violation of the Fourteenth Amendment, the VPA, and a collective bargaining agreement. Id. ¶¶ 28–29. These allegations undermine the City's argument that "due process" in the complaint referred solely to the VPA, not the Fourteenth Amendment. In addition,

---

[3] To determine whether it has subject-matter jurisdiction, a district court must look to the allegations of the complaint at the time of removal. Williamson v. Aetna Life Ins., 481 F.3d 369, 375 (6th Cir. 2007). The complaint that existed at the time of removal is the complaint that the City filed in state court.

the City stated in the state-court complaint that "Menge is litigating the same claim of procedural due process violation[s] in different forums" and that declaratory relief "is necessary to guide the parties' future conduct regarding the question of procedural due process." Id. ¶ 27. It sought declaratory relief to determine whether it violated Menge's rights to procedural due process and whether Menge has a property interest in his position as a detective. Id. ¶ 40. The requested relief therefore necessarily includes a request for a ruling that the City had not violated Menge's rights under the federal constitution.

The amended complaint reinforces the fact that the City's contentions in favor of remand inappropriately narrow the scope of the lawsuit. In a manner similar to the state-court complaint, the amended complaint states that Menge is attempting to litigate the same claim in multiple forums and that a declaratory judgment will "settle the controversy between the parties." Am. Compl. ¶¶ 47–50. If the declaratory-judgment action does not address Menge's procedural due process claim under the federal constitution, then the action will not settle the controversy between the parties.

Therefore, the Court denies the City's motion to remand.

**C. Motion to Dismiss**

Menge argues in part that the City's complaint should be dismissed because it is a later-filed suit that contains the same parties and the same questions as those already pending in his substantive suit, case number 21-10152. Mot. to Dismiss at 10–12. He states that both actions seek determinations of whether the City violated Menge's procedural due process rights and whether Menge has a property interest in his job as a detective in the City's police department. Id.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may

8

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act confers "unique and substantial discretion" on district courts in deciding whether to entertain an action, Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995), rather than "an absolute right upon the litigant," AmSouth Bank v. Dale, 386 F.3d 763, 784 (6th Cir. 2004). A court may decline to hear a declaratory-judgment action even when jurisdiction exists. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); see also United Specialty Ins. Co. v. Cole's Place, Inc., 936 F.3d 386, 396 (6th Cir. 2019) (explaining that "[d]istrict courts must be afforded substantial discretion to exercise jurisdiction in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and [the] fitness of the case for resolution, are peculiarly within their grasp") (punctuation modified). A district court's determination to dismiss a declaratory action in favor of a parallel, pending proceeding involves an examination of "the scope of the pending . . . proceeding and the nature of defenses open there." Brillhart, 316 U.S. at 495.

"[C]oercive actions . . . should with few exceptions be given precedence over declaratory judgment actions, even when a declaratory judgment action presenting similar parties and issues is filed first." Clear!Blue, LLC v. Clear Blue, Inc., 521 F. Supp. 2d 612, 614 (E.D. Mich. 2007). In facing circumstances similar to those here—a declaratory judgment action and a coercive action involving the same parties and issues—the United States Court of Appeals for the Sixth Circuit explained that the "useful purpose" of a declaratory judgment action is as a method of clarifying the legal duties of the plaintiff for the future. AmSouth, 386 F.3d at 786. Accordingly, "[w]here a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." Id. at

787. Therefore, when a party sues for a declaration of nonliability, "courts will [typically] decline to hear the action in favor of a subsequently-filed coercive action by the natural plaintiff." Id. at 786.

In line with this view, district courts within the Sixth Circuit have explained that "declaratory judgments do not serve a useful purpose where there is a pending coercive action, filed by the natural plaintiff, which encompasses all of the same issues as the declaratory judgment action." Foundations Worldwide, Inc. v. Oliver & Tate Enter., No. 1:13CV506, 2013 WL 4054636, at *3 (N.D. Ohio Aug. 12, 2013) (punctuation modified); see also Quicken Loans Inc. v. United States, 152 F. Supp. 3d 938, 953 (E.D. Mich. 2015) (explaining that, in light of a coercive action addressing the issue present in the declaratory-judgment action, "a declaration of rights in this action would be essentially redundant"); Albie's Foods, Inc. v. Menusaver, Inc., 170 F. Supp. 2d 736, 740 (E.D. Mich. 2001) (dismissing an action for declaration of patent non-infringement in favor of patent holder's later-filed infringement suit); Fireman's Fund Ins. Co. v. Hanley, 140 F. Supp. 206, 212 (W.D. Mich. 1956) (noting that "[t]he law is well established that if a prior action pending between the same parties will dispose of all issues between them, a court in the exercise of its discretion may refuse to act in a declaratory-judgment action involving the same issues"). They have also found held that an already-pending coercive action provides a more effective remedy for resolving a matter in its entirety than a declaratory action. See Albie's Foods, Inc., 170 F. Supp. 2d at 740 (noting that "the fact that a coercive remedy has been invoked will help sharpen and refine the issues to be decided, which will include a full range of remedial measures").

Here, the City's declaratory-judgment action—filed after Menge's coercive action—seeks a determination as to whether it has violated Menge's procedural due process rights and rights under the VPA. But, as Menge notes in the motion to dismiss, Menge's pending coercive action

10

encompasses these issues, and it involves the same parties. Menge's coercive action is capable of fully resolving the controversy between the parties.

Further, given that Menge's coercive suit involves the same parties and subject matter, interests of preserving judicial and party resources weigh in favor of dismissal. See Wilton, 515 U.S. at 288 (noting that "considerations of practicality and wise judicial administration" inform whether a district court exercises jurisdiction over a declaratory judgment action); Essex Group, Inc. v. Cobra Wire & Cable, Inc., 100 F. Supp. 2d 912, 915–17 (N.D. Ind. 2000) (dismissing first-filed declaratory judgment in favor of coercive action because to do otherwise would encourage costly duplicate litigation).

One final consideration bears mentioning. A later-filed declaratory-judgment action may serve a useful purpose, and thus be permitted to proceed, where the declaratory-judgment action plaintiff would suffer injury unless legal relations are clarified. See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749–750 (7th Cir. 1987). However, where a declaratory defendant "promptly filed suit to enforce its [underlying] claim," a declaratory judgment action "would serve no useful purpose." Id. Here, the City does not assert that it will suffer injury unless legal relations are clarified and, therefore, this action will serve no useful purpose. See id.

Therefore, Menge is entitled to dismissal of the City's action on the ground that it is a later-filed suit that contains the same parties and the same questions as the already-pending substantive suit.[4] The Court dismisses the action without prejudice.

---

[4] Because the Court grants the motion to dismiss on this basis, it need not address Menge's arguments that the complaint does not identify a justiciable controversy and that it does not satisfy the applicable pleading standards.

### III. CONCLUSION

For the foregoing reasons, the Court denies Menge's motion for sanctions (Dkt. 13), denies the City's motion to remand (Dkt. 15), and grants Menge's motion to dismiss (Dkt. 17). The Court dismisses the case without prejudice.

SO ORDERED.

Dated: March 21, 2022  　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge